UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAGARDE LTD.** | **CIVIL ACTION** |
| **VERSUS** | **No. 25-1412** |
| **FEDERAL EXPRESS CORPORATION** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss filed by defendant Federal Express Corporation ("defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Lagarde Ltd. ("plaintiff") filed a response[2] in opposition, and defendant filed a reply.[3] In accordance with this Court's order,[4] both parties then filed supplemental briefing.[5] For the reasons set forth below, the Court grants the motion in part and denies it in part.

## I. BACKGROUND

This case involves an alleged failure to pay for services rendered. In a previous proceeding removed to this Court, plaintiff filed a petition in state court alleging a claim for suit on open account pursuant to Louisiana law. *Lagarde Ltd. v. Fed. Express Corp.*, No. 24-cv-1747, 2024 WL 3992178, at *2 (E.D. La. Aug. 29, 2024) (Africk, J.). Because both parties agreed that Pennsylvania law applied on account of a choice-of-law provision included in the written contract between the parties,

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 8.
[3] R. Doc. No. 11.
[4] R. Doc. No. 12.
[5] R. Doc. No. 13 (defendant's supplemental memorandum); R. Doc. No. 14 (plaintiff's supplemental memorandum).

plaintiff did not dispute that its claim for suit on open account pursuant to Louisiana law had to be dismissed. *See id.* at *3. However, the parties did dispute whether plaintiff's petition validly stated a breach-of-contract claim as defined by Pennsylvania law. *See id.* The Court concluded that the petition did not validly state such a claim and therefore dismissed the petition without prejudice. *See id.* at *4.

Plaintiff then commenced this lawsuit by filing a second petition in state court.[6] Plaintiff now asserts two claims—one for breach of a written contract and another for breach of a verbal contract.[7] The petition alleges that plaintiff and defendant executed a written contract for plaintiff to provide repair services at two of defendant's facilities in Louisiana.[8] The petition also states that the parties had previously entered into a master service agreement.[9] Attached to the petition are copies of the written contract and the master service agreement.[10]

According to the petition, the contract required that defendant place service requests through an online portal referred to as "ServiceChannel" ("the portal") and that plaintiff use the portal for billing purposes.[11] However, plaintiff alleges, the vast majority of service requests were placed through telephone calls by the supervisors of defendant's facilities.[12] Plaintiff claims that it performed its repair services in a workmanlike manner when it responded to requests placed through the portal and

---

[6] R. Doc. No. 1-1.
[7] *See id.*
[8] *Id.* at 5.
[9] *Id.*
[10] *Id.* at 10–24.
[11] *Id.* at 5–6.
[12] *See id.*

2

verbal requests.[13] Plaintiff alleges that defendant breached both its written contract and verbal contracts with plaintiff because it failed to pay several invoices totaling more than $160,000.00 for services rendered.[14]

Defendant removed this lawsuit on the basis of this Court's diversity jurisdiction.[15] Defendant then filed the instant motion to dismiss, which seeks to dismiss plaintiff's petition as to both the written and verbal contracts.[16]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this short and plain statement does not require "detailed factual allegations," it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotations and citations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more

---

[13] *See id.* at 5–6.
[14] *Id.* at 6.
[15] R. Doc. No. 1.
[16] R. Doc. No. 6.

3

than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation modified).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [plaintiff's] claim." *Hi-Tech Elec., Inc. v. T&B Constr. & Elec. Servs.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation modified). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation modified).

When considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

## III. ANALYSIS

The Court will now assess whether plaintiff's petition validly states claims for breach of contract with respect to both the written contract and the verbal contracts alleged in the petition.

### a. Plaintiff's Claim for Breach of the Written Contract

The Court will first assess whether plaintiff's petition has validly stated a breach-of-contract claim with respect to the written contract. The parties agree that Pennsylvania law governs this claim on account of the choice-of-law provision in the contract.[17]

Even though Pennsylvania law controls the merits of plaintiff's claim, federal pleading standards apply. *See Pace v. Cirrus Design Corp.*, 93 F.4th 879, 890 (5th Cir. 2024) ("[E]ven in a diversity suit in which state law controls the merits of a claim, federal pleading standards apply."); *cf. Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 460 (5th Cir. 2022) (applying federal pleading standards to a breach-of-contact claim pursuant to state law). Federal law does not require a high level of granularity to validly state a breach-of-contract claim. *See Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021) ("While

---

[17] R. Doc. No. 6-1, at 11; R. Doc. No. 8, at 2. In this case, Louisiana law provides the applicable choice-of-law rules. *See Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 620 (5th Cir. 2014) ("A federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits."). Pursuant to Louisiana law, contracts "are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable." La. Civ. Code art. 3540. In the absence of arguments that the Pennsylvania choice-of-law provision of the written contract should not apply, the Court will honor the parties' agreement and apply Pennsylvania law.

litigants should, when possible, identify specific contractual provisions alleged to have been breached, Rule 8 does not require that level of granularity.").

To properly plead a breach-of-contract claim pursuant to Pennsylvania law, a plaintiff must plead "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *See Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). "'Essential terms' include, but are not limited to, the time or manner of performance of the contract and price or consideration." *Piccioli v. Faust Heating & A/C Co.*, No. 2532 EDA 2022, 2023 WL 3270881, at *4 (Pa. Super. Ct. May 5, 2023).

Defendant contends that plaintiff's complaint fails to state a claim because it fails to adequately plead the essential terms of the written contract.[18] The Court concludes that this argument is unavailing because it erroneously applies a state pleading standard. The Fifth Circuit's recent opinion in *Spinosa v. Foremost Ins. Co. Grand Rapids Michigan*, No. 24-30472, 2025 WL 304530 (5th Cir. Jan. 27, 2025), is illustrative of this principle. There, the defendant cited federal caselaw for the proposition that a plaintiff must plead the specific contractual provision breached by the insurer in order to state a claim for breach of an insurance contract in accordance with Louisiana law. *Id.* at *1 n.2. The Fifth Circuit rejected that argument because it ultimately "rel[ied] on a state court decision." *See id.* The Fifth Circuit explained that, "while Louisiana law [was] in play [t]here, federal law is the key to the pleading

---

[18] R. Doc. No. 6-1, 12–13.

6

standards, and [it] do[es] not require plaintiffs to plead the specific breached provision." *Id.*

The requirement under Pennsylvania caselaw that plaintiff plead the essential terms of a contract does not apply here because it conflicts with federal pleading standards, which do not require such elaboration. *See Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019) ("[A] state rule conflicts with a federal procedural rule when it imposes additional procedural requirements not found in the federal rules."). Federal pleading standards only require plaintiffs to allege sufficient facts to permit a "reasonable inference" that the defendant breached a contractual obligation, *see Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731, 739 (5th Cir. 2015), rather than to delineate legal theories, *see Spears v. La. Coll.*, No. 20-30522, 2023 WL 2810057, at *6 (5th Cir. Apr. 6, 2023) ("Although LC and the district court are correct that Spears's complaint does not explicitly delineate a breach of contract claim, it is axiomatic that a plaintiff must plead facts, not legal theories."). Instead of pleading the essential terms themselves, a plaintiff need only "allege facts showing that the parties had a meeting of the minds as to the essential terms" of the contract. *See Electrostim*, 614 F. App'x at 744. Accordingly, it would be improper for this Court to require plaintiff to plead the essential terms of the contract in detail.[19]

---

[19] The Court recognizes that its present conclusion conflicts with the analysis it employed in plaintiff's previous lawsuit. *See Lagarde Ltd. v. Fed. Express Corp.*, No. 24-cv-1747, 2024 WL 3992178, at *3–4 (E.D. La. Aug. 29, 2024). However, the parties did not previously raise whether Pennsylvania caselaw was in accord with federal pleading standards as formulated by the Fifth Circuit, and the Court did not independently assess whether there was conflict. Having reviewed the relevant

7

Defendant's alternative arguments are also unavailing.[20] Defendant argues that plaintiff's petition fails to state a claim insofar as it does not identify which contractual duty defendant breached.[21] However, the Fifth Circuit has made clear that federal pleading standards do not require as much. *See Sanchez Oil*, 7 F.4th at 309.

Finally, defendant claims that plaintiff's petition should be dismissed insofar as it fails to allege that plaintiff submitted invoices in accordance with the terms of the contract.[22] The contract provided that, in order to be paid, the plaintiff needed to submit invoices for payment through the portal "using the standard ServiceChannel submission process."[23] The contract also required plaintiff to "keep accurate records and documentation to substantiate the amounts claimed in any invoice, which records will be open to audit by" defendant or one its representatives.[24] It further provided that, unless defendant disputed the invoice, defendant would pay it within 45 days after its receipt.[25] Defendant claims that plaintiff has not pleaded sufficient

---

precedent on federal pleading standards with respect to breach-of-contract claims, the Court has modified its analysis.
[20] R. Doc. No. 6-1, at 12.
[21] *Id.*
[22] *See id.* at 10, 12–13.
[23] R. Doc. No. 6-2, ¶ 5 ("After the Services have been performed, Vendor will submit invoices for payment using the standard ServiceChannel invoice submission process.").
[24] *Id.* ("Vendor will keep accurate records and documentation to substantiate the amounts claimed in any invoice, which records will be open to audit by FedEx Ground, or any authorized representative of FedEx Ground, during the Term and until 3 years after the expiration or earlier termination of the Agreement.").
[25] *Id.* ("Provided FedEx Ground does not dispute any invoice so issued by Vendor, FedEx Ground will pay Vendor's invoice via ServiceChannel within 45 days after receipt of such invoice.").

allegations with respect to the submission of invoices because it has not pleaded "that it followed the Agreement's invoicing requirements and/or that it properly submitted invoices for the services at issue via ServiceChannel."[26]

In defendant's view, compliance with this invoicing procedure was a "precondition to payment."[27] Therefore, defendant's argument is essentially that plaintiff's breach-of-contract claim with respect to the written contract must be dismissed because plaintiff has not pleaded that it complied with a condition precedent for payment in accordance with the written contract.[28] *See True R.R. Assocs., L.P. v. Ames True Temper, Inc.*, 152 A.3d 324, 341 (Pa. Super. Ct. 2016) ("Performance of a duty subject to a condition cannot become due unless the condition occurs or its nonoccurrence is excused." (citation omitted)).

In its response, plaintiff does not dispute defendant's contention that the contract conditioned payment for services on the proper submission of invoices through the portal.[29] Nor does plaintiff contend that the invoicing procedure was a non-essential term of the contract. Furthermore, plaintiff's petition does not allege that the written contract was modified through course of dealing or performance such that the requirement to submit proper invoices through the portal was removed.[30]

---

[26] R. Doc. No. 6-1, at 10.
[27] R. Doc. No. 6-1, at 10.
[28] It is permissible for the Court to entertain this argument and look beyond the complaint to the terms of the written contract because the contract was referred to in plaintiff's petition and attached to both plaintiff's petition and defendant's motion to dismiss. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).
[29] *See* R. Doc. No. 8, at 3–4.
[30] See R. Doc. No. 1-1, at 5–7.

9

While the Fifth Circuit has not addressed the question specifically, "courts in the Fifth Circuit have generally found a plaintiff has no duty to plead performance or occurrence of a condition precedent unless the condition precedent is an element of the claim." *Naranjo v. Nick's Mgmt., Inc.*, 652 F. Supp. 3d 737, 748–49 (N.D. Tex. 2023). Pursuant to Pennsylvania law, compliance with a condition precedent is an element of a breach-of-contract claim that the plaintiff must prove rather than an affirmative defense. *See Solomon v. A. Julian Inc.*, 450 A.2d 130, 132 (Pa. Super. Ct. 1982) (contrasting an affirmative defense against a condition precedent, "which a plaintiff must affirmatively allege and prove compliance" therewith).

The federal pleading standard with respect to conditions precedent is considerably lenient. Federal Rule of Civil Procedure 9(c) governs the pleading of conditions precedent in federal court, and it provides that, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Although there is no general allegation in the petition stating the plaintiff complied with the conditions of the contract, the Court concludes that the petition alleges enough facts to allow for the reasonable inference that plaintiff submitted at least some invoices in the manner provided by the written contract.

The petition does state that a "minority of service calls were placed and billed" through the portal.[31] The petition later states that defendant has "refus[ed] to pay several invoices for work done," an allegation which indicates that plaintiff did

---

[31] R. Doc. No. 1-1, at 6.

10

submit invoices to defendant.[32] Further, plaintiff states that "[a]ll work was performed in a workmanlike manner," an allegation which suggests that plaintiff fulfilled its contractual obligations.[33] Although these allegations do not specifically state that plaintiff submitted proper invoices, substantiated by accurate records and documentation, through the "standard" ServiceChannel process, the Court finds that, together, they permit a reasonable inference that plaintiff complied with the contractual procedures with respect to at least some of the allegedly unpaid invoices in dispute.

### b. Plaintiff's Claims for Breach of the Verbal Contracts

Having rejected defendant's challenges to the sufficiency of plaintiff's petition as to the written contract, the Court now considers whether plaintiff has stated a breach-of-contract claim with respect to the verbal contracts. In defendant's view, this claim is precluded by an integration clause in the written contract.[34] That clause provides that:

> The Agreement (and any other documents, exhibits, diagrams, specifications, etc. agreed to by the parties through ServiceChannel) constitutes the entire agreement and understanding of the parties for the Services and supersedes all **prior** agreements, whether written or oral, between the parties concerning the Services, including, but not limited to, any Pilot Terms and Conditions of Use. No course of dealing, course of performance or usage of trade will modify or affect the Agreement. The Agreement may not be modified except by an agreement affirmatively accepted by both parties via ServiceChannel.[35]

---

[32] *Id.*
[33] *Id.*
[34] R. Doc. No. 6-1, at 14–15.
[35] R. Doc. No. 6-2, ¶ 15 (emphasis added).

This clause is inapplicable for present purposes. Plaintiff's petition alleges that plaintiff and defendant, through their employees, entered into verbal contracts regarding service to be performed at defendant's facilities after the parties had entered into the written contract.[36] Accordingly, the integration of prior agreements into the written contract does not concern the creation of verbal agreements after the written contract was executed. Furthermore, plaintiff does not allege that, through defendant's course of dealing or performance, the written contract was effectively modified such that the plaintiff could recover pursuant to the written contract without following the procedures prescribed therein. Rather, plaintiff alleges that the verbal contracts constituted agreements separate from the written contract. Since plaintiff has alleged that it consummated verbal contracts with defendant after the written contract was executed rather than a modification of the written contract, the integration clause does not preclude plaintiff's claim for breach of the verbal contracts at this juncture.

The parties do agree that the alleged verbal contracts would be governed by Louisiana law.[37] To state a claim for breach of a verbal contract as defined by Louisiana law, a plaintiff must plead: (1) the existence of the contract; (2) a breach of an obligation therein; and (3) damages resulting from the breach. *See Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 289 (5th Cir. 2024) (analyzing whether plaintiff validly stated a claim for breach of a verbal contract). Contracts may be

---

[36] R. Doc. No. 1-1, at 5–6.
[37] R. Doc. No. 12.

either express or implied. *Jones v. Adm'rs of Tulane Educ. Fund*, 51 F.4th 101, 113 (5th Cir. 2022). Pursuant to Louisiana law, "[a] contract is formed by the consent of the parties established through offer and acceptance," which "may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." La. Civ. Code art. 1927. In other words, consent requires a "meeting of the minds." *Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 620 (5th Cir. 2020).

In its supplemental memorandum, defendant claims that plaintiff's petition does not validly state a claim for breach of the verbal contracts because its petition fails to satisfactorily allege each of the elements of a breach-of-contract claim.[38] The Court finds that defendant's arguments with respect to the second and third elements misstate the law. Nonetheless, the Court agrees with defendant that plaintiff has not sufficiently pleaded the existence of verbal contracts. Accordingly, it concludes that plaintiff's claim for breach of verbal contracts must be dismissed.

With respect to defendant's argument as to the second element of plaintiff's claim, the Court concludes that it incorrectly states the law. Defendant contends that plaintiff had to identify in its petition which provision defendant breached.[39] However, the Fifth Circuit has repeatedly disavowed such a requirement. "While Louisiana law is in play here, federal law is the key to the pleading standards, and [it] do[es] not require plaintiffs to plead the specific breached provision." *See Spinosa*, 2025 WL 304530, at *1 (citation modified) (collecting cases). Accordingly, plaintiff's

---

[38] R. Doc. No. 13, at 9–11.
[39] R. Doc. No. 11.

petition does not fail to state a claim insofar as it does not explicitly identify a specific provision that defendant breached.

Likewise, defendant's argument with respect to the third element lacks legal foundation. Defendant argues that plaintiff has failed to sufficiently allege the damages element of its claim because the petition does not identify the amount of damages that were incurred as a result of defendant's alleged breach of the verbal contract.[40] Defendant cites no legal support for this contention.[41]

With respect to damages, the Federal Rules of Civil Procedure state that a complaint must contain "a demand for the relief sought," but do not make any reference to the amount of damages. *See* Fed. R. Civ. P. 8(a)(3). While "a request for a particular *form* of relief, or a 'demand for judgment, is a necessary component of a complaint," *Hager v. Brinker Texas, Inc.*, 102 F.4th 692, 705 (5th Cir. 2024) (emphasis added), a demand for a specific amount of relief is not. Accordingly, the Federal Rules do not impose the requirement to plead a specific amount of damages in connection with a claim. *Cf. VariChem Int'l, Inc. v. Riddle's Delhi & Chem. Serv. Co.*, No. 24-cv-1784, 2025 WL 816740, at *8 (S.D. Tex. Mar. 14, 2025) ("As for Defendant's second issue—that Plaintiff failed to plead facts sufficient to support a finding that damages resulted from the breach—Plaintiff argues that it is not required to allege in its complaint the amount of damages caused by Defendants' breach. The Court agrees with Plaintiff.").

---

[40] R. Doc. No. 13, at 11.
[41] *See id.*

14

Although defendant's arguments with respect to the second and third elements of plaintiff's claims are unavailing, the Court concludes that defendant's challenge with respect to the first element of plaintiff's claims—the existence of verbal contracts—is meritorious. Defendant argues that plaintiff "fails to allege any essential terms of the alleged oral contract or any facts establishing that [defendant] undertook a specific obligation to perform" and that plaintiff "only vaguely alleges that unspecified FedEx employees would verbally request that [plaintiff] provide unspecified repair or maintenance at FedEx's facilities at unspecified times."[42] The Court agrees.

Plaintiff does not allege facts plausibly showing that there was ever an offer and acceptance or a meeting of the minds between the parties. Plaintiff alleges that defendant did not adhere to the terms required by the contract and that defendant's employees would call plaintiff's employees to "simply verbally request" repair or maintenance.[43] At most, plaintiff's petition alleges that defendant breached the written contract by failing to comply with the procedures prescribed therein. There is nothing in the petition which suggests that the calls made by defendant's employees were anything more than a method of requesting service that was not permitted by the terms of the written contract.

In its supplemental memorandum, plaintiff contends that defendant "varied from that written contract and entered into oral contracts with" plaintiff.[44] It reasons

---

[42] R. Doc. No. 13, at 10.
[43] R. Doc. No. 1-1, at 6.
[44] R. Doc. No. 14, at 3.

15

that "by deviating and not following its own written contract requirements," defendant "did generate numerous oral contracts."[45] At bottom, therefore, plaintiff's theory is that deviating from the procedures prescribed by one contract alone establishes another. However, plaintiff cites no legal support whatsoever for this proposition. And, by itself, the allegation that defendant's employees improperly requested service does not speak to nor indicate whether those requests involved a meeting of the minds with respect to the creation of a separate contract between the parties.[46] Accordingly, the Court concludes that plaintiff's allegation regarding defendant's telephonic requests for service amounts to no more than defendant's noncompliance with the written contract. Without additional facts beyond noncompliant requests, the Court cannot conclude that defendant consented to the creation of verbal contracts.[47]

### c. Leave to Amend

Finally, the Court addresses plaintiff's request for leave to amend in the final sentence of its response.[48] In order for a party to be granted leave to amend, "[a] formal motion is not always required, so long as the requesting party has set forth

---

[45] *Id.* at 14.

[46] To the extent the petition could be construed to allege an implied contract, plaintiff's claim fails because of the written contract already existing between the parties. *See Texas Petroleum Corp. v. Mid Louisiana Gas Co.*, 503 So. 2d 159, 165 (La. Ct. App.) ("Furthermore, there can be no implied contract where there is an express contract between the same parties in reference to the same subject matter.").

[47] The Court notes that plaintiff does not allege any claims, such as quasi-contractual claims, in the alternative to its claims for breach of contract.

[48] R. Doc. No. 8, at 6 ("We ask this Court to deny FedEx's Motion to Dismiss this action but request that should the Court choose that the pleading is inadequate, that the plaintiff be allowed to amend its Petition.").

16

with particularity the grounds for the amendment and the relief sought." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). However, "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought"—does not constitute a motion for leave to amend. *See id.* (citation modified). Because plaintiff submits a bare request for leave without particular grounds for the amendment, the Court finds that it would be inappropriate to grant plaintiff leave. This conclusion is supported by the fact that plaintiff has already filed two petitions regarding this dispute between the parties. *See id.*

Accordingly, the Court will not grant defendant leave to amend and will dismiss plaintiff's breach-of-contract claims with respect to the alleged verbal contracts. Even though the Court recognizes that it may enter dismissal with prejudice as to that claim,[49] the Court will exercise its discretion and enter dismissal without prejudice.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** with respect to plaintiff's claims for breach of the verbal contracts, and such claims are **DISMISSED WITHOUT PREJUDICE**. The

---

[49] *See 360 Mortg. Grp., LLC v. Castle Mortg. Corp.*, No. 18-cv-332, 2019 WL 1102224, at *4 (W.D. Tex. Mar. 8, 2019) ("Thus, whether in a formal motion or in an opposition to a motion to dismiss, when a plaintiff fails to indicate what might be added to the complaint if amendment were allowed, a district court may dismiss the cause of action with prejudice.").

motion is **DENIED** with respect to plaintiff's claim for breach of the written contract.

New Orleans, Louisiana, August 12, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**